NO. 07-00-0290-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 17, 2001

_____

ZENON LOPEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,373-C; HONORABLE WILLIAM R. SHAVER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Zenon Lopez was convicted of the offense of indecency with a child and sentenced to eight years in the Institutional Division of the Department of Criminal Justice, probated for eight years. Appellant's notice of appeal was filed on June 13, 2000.

We previously abated this appeal because we had not received the reporter's record or appellant's brief, and we had been informed by the court reporter that she had not received a deposit to pay for preparation of the record. The trial court found that appellant still wished to pursue his appeal, and the appeal was reinstated. By letter dated August 27, 2001, we were informed by the court reporter that she had received a deposit for the preparation of the record and requested additional time to prepare it. That request was granted with the reporter's record being due on October 23, 2001. By letter dated October 23, 2001, we were informed that the reporter's record had been prepared and would be forwarded when final payment was made. To date, we have not received a reporter's record or a brief.

These events require that we effectuate our responsibility to make whatever order is appropriate to avoid further delay and to preserve the parties' rights. Tex. R. App. P. 37.3(a)(2). Accordingly, this appeal is abated and the cause remanded to the 251st District Court of Randall County, Texas. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine whether appellant has abandoned his appeal. If appellant has not abandoned his appeal, the court shall further determine:

1. If appellant's attorney of record continues to represent appellant and will diligently pursue his appeal. If not, and appellant is not indigent, what steps should be taken to ensure that appellant will promptly retain an attorney who will diligently pursue the appeal and that appellant will make the necessary arrangements to prosecute his appeal.

2. If appellant is indigent, whether an attorney should be appointed to handle the appeal. If such attorney is appointed, this court should be

supplied the attorney's name, address, and State Bar of Texas identification number.

3.  If appellant is indigent, what steps are necessary to ensure the prompt preparation of a reporter's record.

4.  If any orders are necessary to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  In addition, the trial court shall cause a transcription of the hearing to be prepared and included in a reporter's record.  The supplemental clerk's record and reporter's record should be submitted to this court no later than January 15, 2002.

It is so ordered.

Per Curiam

Do not publish.